UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Olé Mexican Foods Inc.,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SK Market Inc.,<br><br>　　　　　　　　Defendant. | Case No.: 2:25-cv-01877-WLH-BFM<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [8]** |

On March 5, 2025, Plaintiff Olé Mexican Foods Inc. ("Plaintiff" or "Olé Mexican Foods") filed its Motion for Preliminary Injunction (the "Motion for Preliminary Injunction") (Pl.'s Mot. for Prelim. Inj., Docket No. 8) to temporarily enjoin Defendant SK Market Inc. ("Defendant" or "SK Market") from current use of the Olé City Market mark by SK Market and any expanded use of the Olé City Market mark by SK Market. (*See generally* Pl.'s Mot. for Prelim. Inj). In support of its request, Olé Mexican Foods concurrently filed Exhibits 1 through 16. (Docket No. 8 at 27–245). On April 4, 2025, SK Market filed its Opposition to Plaintiff's Motion for Preliminary Injunction (the "Opposition"). (Def.'s Opp. to Pl.'s Mot. for Prelim. Inj.,

1

Docket No. 24). In support of its Opposition, SK Market filed the Declarations of David Oh (Oh Decl., Docket No. 24-1); Jack Hitt (Hitt Decl., Docket No. 24-2); and Exhibits A through C (Ex. A–C, Docket No. 24-3–24-5). On April 11, 2025, Olé Mexican Foods filed its Reply in Support of its Motion for Preliminary Injunction (the "Reply"). (Reply in support of Mot. for Prelim. Inj., Docket No. 27). In support of its Reply, Olé Mexican Foods filed the Declaration of Thomas Brooke. (Brooke Decl., Docket No. 27-1). The Court held oral argument on April 25, 2025, and took the matter under submission.

After considering the parties arguments' and submitted evidence, and for the reasons discussed below, Olé Mexican Food's Motion for Preliminary Injunction (Docket No. 8) is **DENIED**.

I. **FINDINGS OF FACT**

Olé Mexican Foods operates under the Olé name and owns the federal trademark registrations for its Olé brand. (Ex. 1 to Complaint, Docket No. 1-1[1]). Olé Mexican Foods produces, and all of its marks are registered for use with, authentic Mexican-inspired foods, which it sells in various grocery stores, including in Southern California. (Ex. 1 to Complaint; Ex. 10 to Complaint; Ex. 13 to Pl.'s Mot. for Prelim. Inj.[2]).

SK Market adopted the Olé City Market mark for its grocery stores in Southern California. (Oh Decl. ¶ 3). SK Market sells goods in its Olé City Market stores, such as fruits, vegetables, meats, seafood, deli and frozen goods, beverages, detergents, toothpastes, cleaning supplies, and alcohol. (*Id*. ¶ 7). SK Market uses the Olé City Market mark in commerce and on the internet via the domain. (Ex. 11 to Pl.'s Mot. for Prelim. Inj.).

---

[1] All exhibits to the Complaint were filed at Docket 1-1.

[2] All exhibits to Plaintiff's Motion for Preliminary Injunction were appended to Plaintiff's Motion at Docket No. 8.

1  SK Market filed two intent-to-use applications with the United States Patent
2  and Trademark Office, Application Nos. 97/520,047 and 97/522,087 for the Olé City
3  Market mark to use with "retail grocery store services and in retail grocery stores."
4  (Oh Decl. ¶ 11). Olé Mexican Foods notified SK Market that it believed its
5  applications were infringing on Olé Mexican Foods' Olé mark on February 3, 2023.
6  (Ex. 13 to Complaint at 171–172). Correspondence between the parties continued
7  until June 12, 2023. (Ex. 13 to Complaint at 191–192). Because the parties could not
8  reach a resolution, Olé Mexican Foods filed a Notice of Opposition in the United
9  States Patent and Trademark Office Before the Trademark Trial and Appeal Board.
10 (Ex. 13 to Pl.'s Mot. for Prelim. Inj.). The Opposition was assigned No. 91285611.
11 (*Id.*).

12 Olé Mexican Foods brings the instant action against SK Market alleging that
13 SK Market violated federal trademark infringement laws under Section 32(1) of the
14 Lanham Act; unfair competition laws under Section 43(a) of the Lanham Act;
15 California trademark infringement laws under California Business and Professional
16 Code Section 14245; California unfair competition laws under California Business
17 and Professional Code Section 17200; and California false advertising laws under
18 California Business and Professional Code Section 17500. (Complaint, Docket No.
19 1).

20 **II.    LEGAL STANDARD**

21 A preliminary injunction is an "extreme remedy that may only be awarded upon
22 a clear showing that the plaintiff is entitled to a showing of such relief." *Winter v. Nat.*
23 *Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (holding that preliminary injunctions
24 are an "extraordinary remedy never awarded as of right"). A party seeking a
25 preliminary injunction must satisfy the following four factors: (1) it is likely to
26 succeed on the merits, (2) it is likely to suffer irreparable harm if denied preliminary
27 relief, (3) the balance of equities tips in its favor, and (4) the injunction is in the public
28 interest. *Am. Trucking Ass'ns Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009)

(quoting *Winter*, 555 U.S. at 20). While the moving party must satisfy all four prongs, the first factor—the moving party's likely success on the merits—is the most important factor. *Garcia v. Google*, Inc., 786 F.3d 733, 740 (9th Cir. 2015). Thus, if a moving party fails to satisfy a factor, then a court does not need to consider the other factors. *Disney Enters, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). Olé Mexican Foods, as the moving party, bears the burden of proving that the requirements for a preliminary injunction have been met. *Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers*, 415 U.S. 423, 443 (1974).

The Ninth Circuit applies a sliding scale approach to addressing each of the four factors—that is, the Court may issue a preliminary injunction even if one of the factors is weaker, so long as the moving party makes a threshold showing as to each factor. *All. for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011) (holding that, even if a party shows that there are only "serious questions" as to the merits, rather than a likelihood of success, a preliminary injunction may nonetheless issue where the "balance of hardships tips sharply in the plaintiff's favor"). "To reach this sliding scale analysis, however, a moving party must, at an 'irreducible minimum,' demonstrate some chance of success on the merits." *Global Horizons, Inc. v. U.S. Dep't of Labor*, 510 F.3d 1054, 1058 (9th Cir. 2007) (citing *Arcamuzi v. Cont'l Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987).

In deciding on an application for preliminary injunction, a court may consider evidence that would be inadmissible at trial. *See, e.g.*, *Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009) ("A district court may… consider hearsay in deciding whether to issue a preliminary injunction."); *see also Herb Reed Enters., LLC v. Florida Entertainment Management, Inc.*, 736 F.3d 1239, 1250 n.5 (9th Cir. 2013) ("Due to the urgency of obtaining a preliminary injunction at a point where there has been limited factual development, the rules of evidence do not apply strictly to preliminary injunction proceedings.") (citing *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988) ("It was within the discretion of the district court

to accept…hearsay for the purposes of deciding whether to issue the preliminary injunction.")).

### III. DISCUSSION

#### A. <u>Likelihood of Success on the Merits</u>

Olé Mexican Foods seeks preliminary injunctive relief based on its first cause of action claiming trademark infringement and unfair competition under the Lanham Act and the common law. (Docket No. 8 at 9). To succeed on a claim of trademark infringement under the Lanham Act, Olé Mexican Foods must establish "(1) that its mark is entitled to trademark protection, and (2) that the allegedly infringing use is likely to cause consumer confusion." *United Oil Heat, Inc. v. M.J. Meehan Excavating, Inc.*, 95 Mass. App. Ct. 579, 582 (2019). The likelihood of confusion element focuses on "whether the defendant's use of the plaintiff's mark is likely to confuse consumers about the 'source, sponsorship, or affiliation' of the defendant's goods or services." *Jenzabar, Inc. v. Long Bow Grp., Inc.*, 82 Mass. App. Ct. 648, 655 (2012). Courts may consider the following eight factors to evaluate the likelihood of confusion, such as "(1) similarity of the marks; (2) relatedness or proximity of the services; (3) marketing channels; (4) strength of the plaintiff's mark; (5) degree of care likely to be exercised by a purchaser; (6) defendant's intent in selecting the mark; (7) evidence of actual confusion; and (8) likelihood of expansion in product lines." *Interstellar Starship Services, Ltd. v. Epix, Inc.*, 304 F.3d 936, 942 (9th Cir. 2002). Similarly, the same facts which support an action for trademark infringement also support an action for unfair competition under the Lanham Act. *Powder River Oil Co. v. Powder River Petroleum Corp.*, 830 P.2d 403, 418 (Wyo. 1992). "The likelihood of confusion is the test of both areas." *Id.*

##### 1. *Mark entitled to trademark protection*

As a preliminary matter, SK Market does not dispute that the trademark is valid and protectable. (Docket No. 24 at 3). Accordingly, Olé Mexican Foods has satisfied the protectable trademark element.

2. *Likelihood of confusion*

a. Similarity of the marks

Olé Mexican Foods' trademarks registered at registration numbers 3,223,608, 2,740,014, 7,025,654, and 6,897,890 (collectively the "word marks") are fully incorporates within the Olé City Market word mark, so those markets are similar, but have the distinguishing feature of additional words in the latter mark, namely "city" and "market." The design marks, on the other hand, are not similar:

  v. 

(*Compare* Reg. Nos. 7,024,164; 6,763,297; 4,899,762; 4,292,655; and 3,161,729 (collectively the "design marks") *with* Oh Decl. ¶ 4). The design marks are easily distinguishable from the Olé City Market design mark in use of images (bull v. sun), color, font, arrangement and overall appearance. At best, this factor only tilts slightly in favor of Plaintiff's word marks and decidedly against Plaintiff's design marks.

b. Relatedness or proximity of the services

The parties' goods and services are related but not closely so. Plaintiff's marks are directly related to specific Mexican foods. (Ex. 1 to Complaint, Docket No. 1-1). In contrast, Defendant operates a grocery store selling a wide variety of goods and products. (Oh. Decl. ¶ 7). To the extent that Defendant's grocery store sells food, the services are related, but the Court finds persuasive the distinction between Plaintiff's sale to customers of certain types of packaged Mexican food on the one hand and Defendant's operation of a chain of grocery stores on the other.

It is worth noting here that analysis of this factor might be markedly different if Defendant were in fact selling "store branded" Mexican food—a concern raised by Plaintiff at oral argument. Here, however, Plaintiff does not dispute Defendant's

assertion that SK Markets does not currently do so, nor does it have any plans to do so. Therefore, any consideration of this possibility does not help Plaintiff at this stage.

The Court finds that the goods and services of the parties are only slightly related. Therefore, this factor weighs against a finding of likelihood of confusion.

### c. Marketing channels

The Court finds the marketing channels factor to be neutral here. While the trade channels used by the parties include websites and print ads, those are the obvious channels that anyone in business today would use. In addition, even the use of websites is not the same by the parties because Defendant does not engage in direct sales online. (Oh Decl. ¶ 3). Plaintiff's argument that Defendant's marketing "targets the Hispanic community" by having Spanish language advertising is not persuasive because anyone marketing anything in Southern California would find Spanish language advertising appropriate.

### d. Strength of Plaintiff's mark

The Court believes this factor is neutral. On the one hand, the Olé mark has conceptual strength as it does not describe the goods its used for and commercial strength as the Olé word mark has been used in the Mexican-inspired food market since 1988 through marketing, advertising, and promotions. (Compl. ¶ 9). On the other hand, Olé is a common word in Spanish meaning "hooray," and Plaintiff's Olé word mark exists within a crowded field, including among others registrations for use with 1) nachos, tacos, tortillas, enchiladas, chalupas, tamales, coffee, and tea (6,665,455); 2) restaurant services (6,665,355; 7,084,033; 7,399,172; 5,605,590; and 3,285,774); and 3) frozen Mexican entrees and prepared foods (2,628,945; and 6,771,378). Therefore, the strength of the Olé word mark with respect to grocery stores does not seem especially strong.

### e. Degree of care likely to be exercised by a purchaser

The parties dispute this factor. Plaintiff argues that consumers purchasing inexpensive food items are less likely to exercise a high degree of care in choosing

their products.  (Docket No. 8 at 14).  Defendant argues that consumers purchasing cultural food items are likely to exercise a high degree of care as Mexican foods holds cultural significance to consumers.  (Docket No. 24 at 16).

In *Ruiz Food Prods., Inc. v. Camino Real Foods, Inc.,* plaintiff brought a trademark infringement claim against defendant, another frozen Mexican products competitor.  The court noted that "a supermarket shopper who makes purchasing decisions quickly but is nevertheless familiar with" the Mexican frozen food brand will seek it out.  *Ruiz Food Prods., Inc. v. Camino Real Foods, Inc.*, No. 1:09-CV-1731AWISMS, 2009 WL 3642777, at *4 (E.D. Cal. Oct. 30, 2009).  Thus, while Plaintiff's position might be possible, it is Plaintiff's burden at this stage to show a likelihood of success as to the factors, and the Court finds Plaintiff has not at this stage carried that burden as to this factor.

### e. Defendant's intent in selecting the mark

The uncontroverted evidence before the Court for this Motion demonstrates that SK Market did not learn of the Plaintiff's marks until well after they had selected their word mark.  (Oh Decl. ¶¶ 3, 10-11).  Specifically, SK Market was not aware of the Olé mark when it filed its two intent-to-use applications with the United States Patent and Trademark Office, Application Nos. 97/520,047 and 97/522,087 on July 26, 2022.  (Oh Decl. ¶ 11).  SK Market became aware of the Olé mark after Olé Market Foods contacted SK Market regarding its alleged infringing use on February 3, 2023.  (Ex. 13 to Complaint at 171–72).  While Plaintiff argues that SK Market had constructive knowledge of Plaintiff's marks due to their registration, the Court does not find that such evidence persuasive as to Defendant's intent in selecting the mark.  Therefore, this factor weighs against a finding of likelihood of confusion.

### f. Actual confusion

There is no evidence of actual customer confusion.  On the contrary, the only evidence before this Court at this stage points to a lack of confusion.  (Oh Decl. ¶ 9).

1  While not a prerequisite to a finding of likelihood of confusion, this Court finds this
2  factor does weigh against such a finding.

3        g. <u>Likelihood of expansion of product lines</u>

4  As Plaintiff implicitly conceded at oral argument, there is no evidence that SK
5  Market currently sells "store-branded" Mexican foods or that intends to expand into
6  such sales in the future; there is evidence to the contrary. (*See* Oh Decl. ¶ 8.) This
7  factor also weighs against a finding of a likelihood of confusion.

8        * * *

9  Based on this weighing of the above factors, the Court finds that Olé Mexican
10 Foods has failed to carry its burden of demonstrating a likelihood of success on the
11 merits with respect to likelihood of confusion. This factor does not support the
12 issuance of a preliminary injunction here.

13     **B. <u>Irreparable Harm</u>**

14 The second factor that a moving party seeking a preliminary injunction must
15 establish is that they are "likely to suffer irreparable harm in the absence of
16 preliminary relief." *Am. Trucking Ass'ns Inc.*, 559 F.3d at 1052 (quoting *Winter*, 555
17 U.S. at 20). Parties seeking preliminary relief are required to demonstrate that
18 irreparable injury is likely in the absence of an injunction, not merely speculative.
19 *Winter*, 555 U.S. at 22 (citing Wright & Miller, Federal Practice and Procedure
20 § 2948.1). The party must show that remedies "available at law, such as monetary
21 damages, are inadequate to compensate for the injury." *Herb Reed Enters, LLC v. Fla*
22 *Ent. Mgmt.*, Inc., 736 F.3d 1239, 1249 (9th Cir. 2013). The Lanham Act was
23 amended in 2020 to provide a rebuttable presumption of irreparable harm in
24 preliminary injunction matters once there is a finding of the likelihood of success on
25 the merits. 15 U.S.C. § 1116(a) ("A plaintiff seeking any such injunction shall be
26 entitled to a rebuttable presumption of irreparable harm upon a finding of likelihood
27 of success on the merits….").

28

Here, Olé Mexican Foods has not demonstrated a likelihood of success on the merits as to the likelihood of confusion, and thus it is not entitled to a rebuttable presumption of irreparable harm. *See AK Futures LLC v. Boyd St. Distro, LLC*, 35 F.4th 682, 694 (9th Cir. 2022) (explaining that moving party is only entitled to rebuttable presumption of irreparable harm on its trademark claim where it has shown it will likely succeed on merits).

Olé Mexican Foods asserts that the erection of SK Market's sign with the Olé City Market mark would cause it irreparable harm by reducing the Olé brand's identity and reputation, misleading customers to think that the SK Market sells Olé products, exposing people to an infringing mark on a busy road, altering the public's perception of the brand, and making it difficult for Olé to reclaim its brand identity among customers. (*Id*. at 5). However, the Court is not persuaded by this argument.

SK Market asserts that Olé Mexican Foods has not suffered irreparable harm. (Def.'s Opp. to Pl.'s Mot. for Prelim. Inj. at 18). Rather, issuing the preliminary injunction will cause SK Market irreparable harm because it cannot reap the benefits of its investment and may suffer financial hardship such as potential defaults to its stores' leases if it cannot promote its grocery stores properly. (Oh Decl. ¶ 13).

The Court finds that enjoining SK Market's from using its long existing name is sufficient to defeat Olé Mexican Foods' showing of irreparable harm. Thus, Olé Mexican Foods has not shown that it is likely to suffer irreparable harm in the absence of a preliminary injunction to enjoin SK Market from current use of the Olé City Market mark and any expanded use of the mark.

### C. Balance of Equities

The third factor that courts consider in determining whether to issue a preliminary injunction is whether "the balance of the equities" tips in the moving party's favor. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1138 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). This factor requires courts to "balance the interests of all

parties and weigh the damage to each." *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1203 (9th Cir. 1980).

Although Defendants failed to address this element, which generally concedes the point, *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F.Supp.2d 1125, 1132 (C.D. Cal. 2011) (citations and quotations omitted), in this case, Plaintiff's showing as to the balance of equities is inextricably intertwined with a finding of likelihood of success on the merits. The Court therefore finds this element to be neutral.

### D. Public Interest

The fourth factor courts must consider in determining whether to issue a preliminary injunction is whether "an injunction is in the public interest." *Am. Trucking Ass'ns*, 559 F.3d at 1052 (quoting *Winter*, 555 U.S. at 20). Trademarks protect the public from confusion by accurately indicating the source of goods. *Moroccanoil, Inc. v. Zotos Int'l, Inc.*, 230 F. Supp. 3d 1161, 1178 (C.D. Cal. 2017) (citing *State of Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.*, 425 F.3d 708, 715 (9th Cir. 2005)). Because this matter involves purportedly infringing trademarks, the public interest is furthered by protecting consumers from confusion caused by likely infringing marks. *See Las Vegas Sands Corp. v. Fan Yu Ming*, 360 F. Supp. 3d 1072, 1081 (D. Nev. 2019) ("Preventing consumer confusion serves the public interest and there is a strong policy in favor of protecting rights to trademarks"). Here, however, Plaintiff has not shown a likelihood of success that their marks have been infringed. Accordingly, this factor is neutral.

### IV. BOND

SK Market's request that Plaintiff be ordered to post a bond in the event a preliminary injunction is entered is DENIED as moot.

///

///

///

## V. CONCLUSION

Based on the foregoing discussion, the Court **DENIES** Olé Mexican Foods' Motion for Preliminary Injunction (Docket No. 8).

**IT IS SO ORDERED.**

Dated: 5/13/2025

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE